# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEMARIO M. EASLEY,

        Petitioner,

    v.                              Case No. 19-C-1483

DYLON RADTKE,

        Respondent.

## ORDER DISMISSING PETITION AND DENYING STAY

On October 10, 2019, Petitioner Demario Easley filed a petition for a writ of habeas corpus seeking federal relief from his state criminal convictions pursuant to 28 U.S.C. § 2254. In April of 2015, Easley was convicted of first degree reckless homicide, felony possession of a firearm, and bail jumping and was sentenced to 63 years—43 years in confinement and 20 years of extended supervision. Because his conviction arose from a single underlying event, Easley argues that the state trial court wrongly imposed consecutive, rather than concurrent, sentences on him.

Easley's motion for postconviction relief was filed on August 31, 2017, and denied by the Milwaukee County Circuit Court without a hearing on October 25, 2017. Easley asserted that the trial court improperly sentenced him to three consecutive sentences. Easley appealed to the Wisconsin Court of Appeals, which affirmed the trial court's decision on April 19, 2018, in an unpublished decision. The Wisconsin Supreme Court denied Easley's petition for review on July 10, 2018. *State v. Easley*, 2018 WI 92, 383 Wis. 2d 625, 918 N.W.2d 432.

Easley's petition before this court asserts a second ground for relief, one he has not yet raised in the state courts. In addition to his claim that the trial court improperly sentenced him to consecutive sentences, Easley raises a new claim of ineffective assistance of counsel under the Sixth Amendment: he asserts that his trial counsel failed to secure and elicit exculpatory testimony from Deron Berry-Williams, who would have testified to Easley's innocence. Easley claims that he repeatedly shared this exculpatory evidence with his appellate counsel, but counsel did not raise this issue on appeal. In sum, Easley asks the court to grant a stay and abeyance to allow him to return to the state courts and exhaust his new claim that his Sixth Amendment rights were violated.

Federal courts are required to give the cases seeking relief under § 2254 prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases.

It should also be noted that federal relief under § 2254 is not simply another appeal as of right. The authority of federal courts to review state court convictions is limited to persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Moreover, federal review under § 2254 is available only on claims for which the petitioner has already exhausted his state court remedies and, as to such claims, is extremely narrow. A federal court may not grant relief to a state prisoner under § 2254 on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Thus, in order to state a claim for relief under § 2254, a petitioner must allege facts that would support a finding that the state court decision adjudicating his claims meets one of these two requirements.

Finally, I note that federal "[h]abeas corpus petitions must meet heightened pleading requirements . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must "specify all the grounds for relief available to the petitioner," and "state the facts supporting each ground." 28 U.S.C. § 2254, Rule 2(c); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)."). The reason for the heightened pleading requirement in habeas cases, as the Eleventh Circuit noted in *Borden*, is obvious:

> Unlike a plaintiff pleading a case under Rule 8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards. The evidence supporting a claim brought under the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), for example, may not be available until the prosecution has run its course. The evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.

*Id.* at 810. Were the rule otherwise, federal habeas would be transformed into an appeal as of right and "a vehicle for a so-called fishing expedition via discovery, an effort to find evidence to support a claim." *Id.* at 810 n.31.

Given the fact that a person seeking relief under § 2254 has already raised in state court the same claim or claims for which he now seeks federal review and exhausted each level of review available in the state system, it should not be overly burdensome for the petitioner to describe those same claims with sufficient specificity to allow the federal court tasked with the job of screening his petition to determine whether a claim cognizable under § 2254 has been stated. This is not too much to expect of a petitioner before the State is ordered to undertake the task of filing an answer to the petition, including copies of all or almost all of the pleadings, hearing transcripts, and briefs filed in what is often a lengthy state court proceeding. Generally, the petitioner's task is made significantly less difficult by attaching a copy of the state court decision or decisions that rejected the petitioner's claims, as the prescribed form petition that can be found at the Eastern District of Wisconsin website requires.

I will begin by addressing Easley's first ground for relief, before considering whether a stay should be granted for Easley to exhaust his unexhausted claim. In doing so, I note at the outset that Easley has failed to comply with the instructions on the form the district provides for § 2254 petitions. Part II of the form asks the petitioner whether he appealed from the judgment of conviction. Dkt. No. 1 at 5. If the answer is "yes," the petitioner is instructed to "attach the decision(s) that resolved your appeal and answer the following questions." Easley failed to attach a copy of the decision by the Wisconsin Court of Appeals denying his motion for postconviction relief and affirming his conviction. Because Rule 4 requires the court to dismiss the petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," his failure to provide a copy of the state court decision renders it defective. This defect can be cured, however, since the state court decision, as noted above, can

- 4 -

be found at the public domain cite and I am able to consider it in making the determination required by Rule 4.

Applying the standards for § 2254 relief here, I find from my review of Easley's petition and the decision of the Wisconsin Court of Appeals affirming the trial court's denial of his postconviction motion that Easley is not entitled to federal relief on the claim asserted because it challenges his sentencing under Wisconsin law. In other words, federal habeas relief is not granted for a claim that a state law has been violated. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"); *Miller v. Zatecky*, 820 F.3d 275, 277 (7th Cir. 2016) ("A federal court cannot disagree with a state court's resolution of an issue of state law.").

The unpublished Wisconsin Court of Appeals opinion that Easley contests, available on the Wisconsin Court of Appeals docket at 2017AP2144-CR, clearly shows that Easley is contesting state law. The appeals court reviewed state law relevant to Easley's sentencing, including Wis. Stat. § 973.15(2)(a), which provides that "the court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent with or consecutive to any other sentence imposed at the same time or previously." Because Easley is claiming that the state court made an error of state law in imposing his sentence, his claim is not cognizable in this federal habeas proceeding.

Having found that Easley's first ground for relief does not merit federal habeas relief, I now address his second, unexhausted claim. Before a prisoner may bring a federal habeas petition challenging his state conviction, he must raise and exhaust all of his constitutional claims to each appropriate state court. *See Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004) (requiring

constitutional claims to be brought to each appropriate state court). A federal court may not adjudicate mixed claims habeas petitions, or petitions with both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, when a prisoner submits a mixed claims habeas petition, he has three options: (1) he may abandon his unexhausted claims and proceed only on his exhausted claims; (2) he may move to dismiss the petition without prejudice; or (3) he may move the court to stay and hold his petition in abeyance until he has the opportunity to exhaust his state court remedies. *See Rhines v. Weber*, 544 U.S. 269 (2005).

As Easley has filed a petition with both exhausted and unexhausted claims, the court must address whether a stay should be granted. In *Rhines v. Weber*, the Supreme Court cautioned that because a stay of proceedings under § 2254 may undermine the twin goals of encouraging finality of state court convictions and streamlining federal habeas proceedings by decreasing the petitioner's incentive to exhaust all of his state court remedies before filing his federal petition, stays should be granted in only limited situations. *Id.* at 276–77. Thus, in order to obtain a stay and abeyance of a previously filed petition for relief under § 2254, the petitioner must show "good cause for his failure to exhaust, [that] his unexhausted claims are potentially meritorious, and [that] there is no indication that the petitioner engaged in intentionally dilatory tactics." *Id.* at 278; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416–17 (2005).

Easley's petition does not establish that his unexhausted claim is potentially meritorious. Instead, it contains conclusory allegations about a witness with exculpatory testimony who previously provided a notarized affidavit that attested to Easley's innocence. However, no additional details as to the content of the affidavit or the exculpatory evidence are provided in the petition. The court cannot determine whether this claim is potentially meritorious without details about the claim

itself.  Easley also alleges that his appellate counsel did not raise this issue on appeal, but the court cannot fully assess whether failure to pursue this potentially exculpatory evidence was prejudicial without information about the evidence itself.  Easley has thus failed to make the kind of showing *Rhines* requires in order to merit an indefinite stay of his federal proceedings so he can return to state court.

Easley has also failed to show good cause for his failure to exhaust his unexhausted claim in state court before filing in federal court.  Even now, it appears he has yet to file his motion seeking postconviction relief in state court on his ineffective assistance of counsel claim.  Once a motion is properly filed in state court, the one-year limitation under § 2254 is tolled, making a motion to stay the federal proceeding unnecessary.  The fact that he has yet to file in state court only delays his case further, which under *Rhines* amounts to a further reason to deny his request for a stay.

Easley's request for a stay will therefore be denied.  Easley has failed to state a ground for relief and his petition will therefore be dismissed.  The dismissal, however, will be without prejudice. The court will grant Easley leave to amend his petition to cure its defects and supplement his motion for a stay regarding his unexhausted claim.  He must provide more than conclusory statements supporting his claim of ineffective assistance of counsel to show that it might be meritorious and explain why he still has not even begun to exhaust his state court remedies.  As Easley claims that the notarized affidavit from Berry-Williams was previously provided to him, he should be able to describe its contents or supply the court with a copy.  Further, if he wishes to proceed on a Sixth Amendment ineffectiveness of counsel claim, he should explain why his previous counsel should have pursued this exculpatory evidence and how the testimony would show his innocence.  He should also explain why he has yet to begin exhausting his state court remedies concerning his Sixth Amendment claim.  If Easley believes he can cure the defects in his petition

set forth herein, he may file an amended petition on or before within forty-five (45) days of this order. If he fails to do so, a judgment will be entered dismissing the action with prejudice at that time.

**IT IS THEREFORE ORDERED** that Easley's petition for writ of habeas corpus (Dkt. No. 1) is **DISMISSED** and Easley's request for a stay is **DENIED**. Easley is directed to file an amended petition within forty-five (45) days of the date of this order that cures the defects identified herein and sets forth the specific grounds for relief together with specific allegations of the facts supporting those grounds. Failure to timely file an amended petition will result in the dismissal of this action with prejudice.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

**SO ORDERED** at Green Bay, Wisconsin this __25th__ day of November, 2019.

s/ William C. Griesbach
William C. Griesbach, U.S. District Judge
United States District Court